# United States District Court

## SOUTHERN DISTRICT OF INDIANA

**UNITED STATES OF AMERICA**

**V.**

**BRENNAN ROGERS**

**CRIMINAL COMPLAINT**

CASE NUMBER: 1:18-mj-00209

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about February 26, 2018, in Marion County, in the Southern District of Indiana defendant did,

Count 1: Possession of a Firearm by a Prohibited Person, in violation of Title 18, United States Code, Section 922(g)(1).

I further state that I am a Special Agent, and that this complaint is based on the following facts:

See attached AFFIDAVIT

**Continued on the attached sheet and made a part hereof.**

Christopher J. Heffner, Task Force Officer, ATF

**Sworn to before me, and subscribed in my presence**

March 6, 2018
**Date**

at Indianapolis, Indiana

Mark J. Dinsmore, U.S. Magistrate Judge
**Name and Title of Judicial Officer**

**Signature of Judicial Officer**

## AFFIDAVIT

Your Affiant, Lieutenant Christopher J. Heffner being first duly sworn upon my oath, state as follows:

### Affiant Background and Purpose of Affidavit

1. I am a police officer with the Marion County Sheriffs' Office (MCSO). I have been a police officer in Indianapolis and Marion County, Indiana for the past thirty-four (34) years. I am a "law enforcement officer" as defined in Indiana Code Section 35-31.5-2-185.

2. I am also a Task Force Officer (TFO) with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). I was a TFO with ATF from 2007 to 2012, and I have been an active TFO from 2013 to present. In connection with my official duties, I am involved in investigations relating to violations of Federal and Indiana firearms laws.

3. I have received training related to the enforcement of federal and Indiana criminal laws, including the following:

4. My initial training was at the Indiana Law Enforcement Academy in 1985. I have satisfied the minimum basic training requirements established by rules adopted by the Law Enforcement Training Board under Indiana Code section 5-2-1-9 and described in 35-37-4-5.

5. I have attended multiple schools relating to interview and investigation techniques, both through MCSO and the Indianapolis Metropolitan Police Department (IMPD), including the Drug Enforcement Administration (DEA) Investigations and Undercover Academy, the ATF Academy, and the Southern Police Institute/University of Louisville Homicide and Death Investigations School.

6. I also have extensive training and schooling in investigations of narcotics, firearms, and homicide crimes, as well as other covert investigations. I have conducted more than one

thousand narcotics and/or firearms investigations. I also receive yearly in-service training through the IMPD, MCSO, and ATF.

7. This Affidavit is submitted in support of a criminal complaint charging Brennen ROGERS (date of birth is XX/XX/1997 and SSN XX-XXX-5246) with Possession of a Firearm By a Prohibited Person in violation of Title 18, United States Code, Sections 922(g)(1). The information contained in this Affidavit is a combination of information known to me personally and related to me by other law enforcement officers either through direct conversations with them or through their official written reports.

## Facts Supporting Probable Cause

8. On February 26, 2018, Deputies of the Marion County Sheriff's Office (MCSO) served an active felony arrest warrant at 8760 Rhone Terrace Apt. 2b, Indianapolis, Marion County, Indiana for Brennan ROGERS. Shortly after knocking, deputies heard the dead bolt unlocking, and the door opened about six inches. Deputies recognized ROGERS from his BMV photo.

9. ROGERS attempted to close the door on the deputies, but was unable to do so. Deputies observed a Mossberg 12 gauge shotgun (serial number 1611285) laying behind ROGERS on the floor (deputies knew Rogers to be a convicted felon, and prohibited from possessing a firearm).

10. Deputies ordered ROGERS to get on the floor, and placed into custody. While securing the inside of the residence, and conducting a protective sweep, deputies also observed, in plain view, next to a nightstand in the bedroom, was a backpack that both the small pocket and the large pocket was open. Deputies observed a large bag of a green leafy like substance that appeared to be marijuana. Inside the smaller open pocket was a large amount of U.S. Currency.

2

Also observed in the bedroom, in plain view, a loaded Glock 9mm magazine and two (2) marijuana grinders on a nightstand. While finishing the sweep of the master bedroom walk in closet, deputies observed five (5) glass jars containing a green leafy substance on the shelf, also believed to be marijuana. Additionally, located in the closet was a jar with dried mushrooms inside. Hanging on a chair back in the dining room was a bullet proof vest, located on the dining room table was a white, powder like substance in long lines next to a cut straw that is commonly used for inducing cocaine into the body. The white powder on the table appeared to be cocaine. All of which was in plain view.

11. Located in a chair positioned by the front door, in plain view, was a loaded Glock 17 9mm, semi-automatic pistol, serial number BBCZ668. This firearm was reported stolen out of Muncie, Indiana on December 8, 2017.

12. Also located on the chair was an Intratec 9mm Tec-9, semi-automatic pistol, serial number 24753 with 3 magazines.

13. Deputies advised ROGERS of the Miranda rights, which ROGERS acknowledged he understood. Deputies asked ROGERS if the guns and the illegal drugs belonged to him and he stated that they did.

14. On February 27, 2018, your affiant conducted an audio/video recorded interview of ROGERS at the Marion County Jail. Your affiant advised Rogers the Miranda warnings; ROGERS signed a waiver, and gave a statement.

15. During the statement, ROGERS said that all of the firearms and illegal substances found in plain view were his, also acknowledging that he is a convicted felon and prohibited from possessing a firearm under 18 USC 922(g)(1). ROGERS stated that he sells the illegal substances recovered from the residence, and uses the proceeds to as a source of income.

Furthermore, the firearms are used to protect said interest.

16. ATF Special Agent Brian Clancy, a firearms nexus expert with training specific to determining the manufacturing origin of firearms in the United States, verified that, the Glock 17 9mm, semi-automatic pistol, serial number BBCZ668, the Intratec 9mm Tec-9, semi-automatic pistol, serial number 24753, and the Mossberg 12 gauge shotgun, serial number 1611285, were not manufactured in the State of Indiana. Accordingly, the above listed firearm(s) was shipped or transported in interstate or foreign commerce.

## Summary and Request

17. Based on the information in this Affidavit, I submit there is probable cause to believe that on or about January 24, 2018, Brennan ROGERS possessed a firearm while being a prohibited person in violation of Title 18, United States Code, Section 922(g)(1). Accordingly, I respectfully request this Court issue a criminal complaint charging him with that offense along with a warrant for his arrest.

Christopher J. Heffner, Task Force Officer
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn to before me, and subscribed in my presence, this 6th day of March 2018.

Mark J. Dinsmore, Magistrate Judge
United States District Court
Southern District of Indiana

4